# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1107V
Filed: September 21, 2020
UNPUBLISHED

|  |  |
|---|---|
| SHARON PICKENS,<br><br>             Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs Decision; Prior Counsel |

*Amber Diane Wilson*, Wilson Science Law, Washington, DC, for petitioner.
*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 26, 2020, petitioner's former counsel[2] filed an application for an award of final attorneys' fees and costs in the amount of $42,853.85. (ECF No. 41.) In response, respondent deferred to the Special Master to determine whether petitioner has met the legal standard for interim fees and costs. (ECF No. 44.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $42,163.55.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] When this case was first filed petitioner was represented by Ann Golski of Maglio, Christopher and Toale, PA. However, petitioner's current counsel, Amber Wilson, also then associated with the same firm, was substituted as counsel beginning October of 2018. (ECF No. 10.) Beginning in March of 2020, Ms. Anne Toale, again of Magio, Christopher, and Toale, PA, was briefly substituted as counsel until June 26, 2020, when Ms. Wilson was again substituted as counsel, but now affiliated with Wilson Science Law. (ECF No. 42.) This motion seeks an award for attorneys' fees and costs incurred by the firm of Maglio, Christopher, and Toale, PA, as former counsel, including hours billed by current counsel under her former affiliation.

I.   **Procedural History**

On July 30, 2018, petitioner, Sharon Pickens, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that she suffered a Shoulder Injury Related to Vaccine Administration or "SIRVA" caused-in-fact by her October 5, 2016 influenza ("flu") vaccination. (ECF No. 1.)

The case was initially assigned to the Special Processing Unit under former Chief Special Master Dorsey. (ECF No. 4.) On October 1, 2019 the case was reassigned to current Chief Special Master Corcoran. Respondent filed his Rule 4(c) report recommending against compensation on January 31, 2020, and the case was subsequently transferred to me for further litigation on February 24, 2020. (ECF Nos. 33, 35.)

On June 26, 2020, petitioner filed the instant motion for interim attorneys' fees and costs. (ECF No. 41.) Respondent filed his response on June 30, 2020. (ECF No. 44.) Petitioner filed a reply to respondent's response on July 6, 2020. (ECF No. 45.)

Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

II.   **An Award of Interim Attorneys' Fees and Costs is Appropriate**

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id*. In denying an interim fee award, the *Avera* court reasoned, "The amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id*. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

Upon review of the records, it appears that the petition was filed in good faith and that petitioner had a reasonable basis to file her claim. Further respondent did not raise any specific objections to an award of interim attorneys' fees and costs. Here, petitioner's request for interim attorneys' fees and costs is made after more than two

years of litigation within the entitlement phase of this case, albeit without incurring any expert costs to date, and is prompted by a change of counsel. Additionally, both parties must still obtain and file expert reports and the timing of the ultimate resolution of this case remains unknown. Accordingly, I find that petitioner's request for interim attorneys' fees and costs is reasonable at this juncture.

### III. Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate…by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019 and 2020 can be accessed online.[3]

In this case, petitioner is seeking $41,427.10 in interim attorneys' fees for work performed in 2016 through 2020. I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates billed for 2016 through 2020 for attorney time, paralegal time, and law clerk time, are all reasonable and also in accord with the rates awarded in prior cases.

---

[3] Each of the Fee Schedules for 2015 through 2020 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, and 2020 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

Turning next to the hours billed, special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*¸ 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

After reviewing the billing records, I find that counsel included entries that are duplicative and excessive due to attorneys and paralegals billing for reviewing the same orders and attending the same case meetings. Moreover, these duplicative reviews are billed at 0.40 hours or less, with almost all of them being billed at either 0.10 or 0.20 hours. These short billing periods indicate that such reviews are less likely to have been substantive and less likely to have required multiple reviewers. These duplicative billing entries result in a reduction of **$690.30** of the interim fee award.[4]

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). In this case, petitioner seeks $1,426.75 in interim attorneys' costs, including expenses incurred in obtaining medical records, traveling to meet with petitioner, and paying for court filing fees. I have reviewed the expense records and supporting documentation submitted with petitioner's request, and I find that the costs incurred are all reasonable.

### IV.   Conclusion

In light of the above, Petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED** and petitioner is awarded attorneys' fees and costs in the reduced amount of $42,163.55, representing, $40,736.80 in interim attorneys' fees and $1,426.75 in interim attorneys' costs.

---

[4] There were many instances where attorneys and/or paralegals would bill for reviewing the same court orders and attending the same case meetings. For example, there were duplicative billings on August 1, 2018, October 16, 2018, November 20, 2018, March 6, 2019, March 11, 2019, June 19, 2019, June 24, 2019, August 23, 2019, August 26, 2019, August 28, 2019, October 4, 2019, October 21, 2019, November 21, 2019, January 16, 2020, January 31, 2020, February 24, 2020, February 27, 2020, and February 28, 2020.

4

**Accordingly, I award interim attorneys' fees and costs to be paid as a lump sum of $42,163.55 in the form of a check payable to petitioner and petitioner's former counsel, Anne Carrión Toale.**[5]

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[5] This check shall be mailed to petitioner's former counsel at Maglio Christopher and Toale, 1605 Main Street Suite 710 Sarasota, FL 34236.

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

5