# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1107V
Filed: October 7, 2025

|  |  |
|---|---|
| SHARON PICKENS,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Amber Diane Wilson*, Wilson Science Law, Washington, DC, for petitioner.
*Nina Ren*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 30, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act"),[2] alleging that she suffered complex regional pain syndrome and injuries to her left arm as a result of the influenza ("flu") vaccination that she received on October 5, 2016. (ECF No. 1.) On July 1, 2024, the undersigned issued a decision awarding compensation based on the parties' joint stipulation. (ECF No. 101.) On December 13, 2024, petitioner filed a motion for final attorneys' fees and costs. (ECF No. 106.) Petitioner seeks $112,967.05, including $98,063.40 in attorneys' fees and $14,903.65 in costs. (*Id.* at 1-2.)

In response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." (ECF No. 107, p. 1.) Respondent adds, however, that he "is

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent requests that the court exercise discretion and determine a reasonable award of attorneys' fees and costs. (*Id.* at 5.)

## I. Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs, § 300aa-15(e), and the Federal Circuit has approved the lodestar approach to determine what constitutes a reasonable award. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").

Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorneys' fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3).

### A. Hourly Rates

Review of the billing records indicates that Ms. Wilson billed $345.00 per hour for work performed in 2020, $378.00 per hour for work performed in 2021, $427.00 per hour for work performed in 2022, $454.00 per hour for work performed in 2023, and $479.00 per hour for work performed in 2024.[3] (Ex. 71.) These rates are reasonable and consistent with what Ms. Wilson has been awarded in prior decisions. *E.g.*, *Kalajdzic v. Sec'y of Health & Human Servs.*, No. 17-792V, 2024 WL 4792856, at *3

---

[3] Careful review of Ms. Wilson's billing records reveals that two entries for tasks completed in January of 2023 were billed at $427.00 per hour, her requested rate for 2022, rather than $454.00 per hour, her requested rate for work completed in 2023. (Ex. 71, p. 10; *see also* Ex. 73, ¶ 20.) Given that the Ms. Wilson's requested rates are reasonable and consistent with prior awards, as explained above, the undersigned will assume this discrepancy was an error and will award Ms. Wilson a rate of $454.00 per hour for the tasks she completed on January 10 & 11, 2023. Accordingly, this increases petitioner's requested attorneys' fees from $98,063.40 to $98,079.60.

(Fed. Cl. Spec. Mstr. Oct. 15, 2024); *Munoz v. Sec'y of Health & Human Servs.*, No. 21-1369V, 2024 WL 2730966, at *3 (Fed. Cl. Spec. Mstr. May 1, 2024). Additionally, petitioner requests a rate of $150.00 per hour for paralegal work performed on the case. (Ex. 71.) The undersigned finds this rate reasonable and in accordance with prior awards for paralegal work performed by Ms. Wilson's firm. *E.g.*, *Exum v. Sec'y of Health & Human Servs.*, No. 21-1513V, 2024 WL 2757037, at *3 (Fed. Cl. Spec. Mstr. May 2, 2024). Accordingly, no reduction in the requested rates is warranted.

### B. Reduction in Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include hours that are "excessive, redundant, or otherwise unnecessary" in their fee applications. *Saxton*, 3 F.3d at 1521. In reducing an award of fees, the essential goal is to achieve "rough justice." *Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016). Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allotting an attorney's time." *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

After reviewing the submitted billing records, the undersigned finds that the overall number of hours billed appears to be largely reasonable. The billing entries include sufficient detail and adequately describe the work completed on the case and the amount of time spent on that work. However, the undersigned finds that a small reduction in the requested fees is necessary for several reasons. First, there are several billing entries for administrative tasks, such as filing documents and preparing exhibits for filing, which have been found to be non-compensable in the Vaccine Program.[4] *See, e.g.*, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989). Second, Ms. Wilson occasionally engaged in block billing that hinders review of her billing.[5] Lastly,

---

[4] For example, a non-exhaustive list of these entries includes: "Receive final executed report from expert and prepare exhibits 33-47 for court" on May 27, 2021; "Review and prepare supplemental exhibits 63-65 for submission to the court as evidence in support of pleadings" on February 4, 2022; "Review final expert report and prepare for filing to court" on April 27, 2023; and "Prepare exhibits for filing with motion for attorneys fees and costs" on December 13, 2024. (Ex. 71, pp. 1-16.)

[5] For example, on February 4, 2022, Ms. Wilson billed 1.20 hours for "Review final report from expert and cross reference citations, literature; determine issue with exhibit numbers and update same for expert to execute report." (Ex. 71, p. 8.) While reviewing an expert report is reasonable, updating exhibit numbers relates to preparing documents for filing, which is not a compensable task in this program. Also on February 4, 2022, Ms. Wilson billed 0.8 hour for "Review and determine duplicate exhibit numbers; update same and draft updated pleadings to court to strike filings and refile properly identified exhibits." (Ex. 71, p. 8.) Again, while drafting a motion to strike is reasonable, reviewing and updating exhibit numbers are administrative tasks and therefore not compensable. By engaging in block billing, the undersigned cannot determine how much time Ms. Wilson spent on the compensable tasks versus the administrative tasks.

3

some of Ms. Wilson's billing entries suggest that she billed for paralegal-level work, such as medical records requests, at her attorney hourly rate.[6] While attorneys in the Vaccine Program are permitted to perform and bill for paralegal-level work, such work must be billed at a rate comparable to what a paralegal would be paid for performing the same task. Accordingly, the undersigned finds that a 2% reduction to the requested attorneys' fees is reasonable and appropriate. This results in an attorneys' fees award of $96,118.01.[7]

## II. Attorney Costs

Petitioner requests an award of $14,903.65 in costs incurred by counsel, representing $14,400.00 in expert fees and $503.65 in expenses for obtaining medical records, purchasing medical literature, and mailing costs. (Ex. 71, p. 16.) Petitioner represents that she did not incur any personal costs in the litigation of this matter. (Ex. 74.)

### A. Expert Fees

Expert work in this program is also assessed using the lodestar method. *Avera*, 515 F.3d at 1347 (applying the lodestar approach to the Vaccine Act); *Chevalier v. Sec'y of Health & Human Servs.*, No. 15-001V, 2017 WL 490426, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017) (citing *Avera* and applying the lodestar calculation to both attorneys' fees and expert costs). Generally, expert hourly rates are based on a number of factors, many of which touch broadly on qualifications and on the market for the relevant expert services, but which also include "the nature, quality, and complexity of the information provided" by the expert, as well as "any other factor likely to be of assistance to the court in balancing the interests" at stake. *Aycock v. Sec'y of Health &*

---

[6] The undersigned recognizes that most of the tasks relating to requests for medical records were billed at a paralegal level rate in this case. (*See* Ex. 71, pp. 1-15.) However, in September of 2020, Ms. Wilson billed for a series of correspondence with Eye Care Associates of Texas regarding a request for updated records at her attorney rate. (Ex. 71, pp. 2-3.) Tasks relating to requests for medical records have been found to be a paralegal-level task in this program and therefore should only be compensated at paralegal rate. *See, e.g.*, *Doe v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (noting that requesting, collecting, and organizing medical records are paralegal-level tasks); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535V, 2008 WL 5747914, at *6-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008) (rejecting attorney's argument that collection of medical records is a task that needs to be performed by attorneys and reducing his fee award accordingly); *Busey v. Sec'y of Health & Human Servs.*, No. 21-1840V, 2023 WL 8650001, at *2 (Fed. Cl. Spec. Mstr. Nov. 13, 2023) (reducing the attorney's fee award for billing for tasks that are considered paralegal in nature, including tasks relating to medical records requests, at the attorney's rate). However, some of these entries include block billing. For example, on September 8, 2020, Ms. Wilson billed 1 hour for "Review Ex 31 from TX eye assoc - determine all duplicates and send correspondence; draft all pleadings and file Ex. 30 and status report due at court." (*Id.* at 2.) As explained above, filing documents is not a task that is compensable in the Vaccine Program. By engaging in block billing, the undersigned has no way of determining how much time Ms. Wilson spent on tasks relating to correspondence with Eye Care Associates of Texas regarding updated medical records.

[7] This reduction is calculated from $98,079.60, the corrected total amount of attorneys' fees sought by petitioner. *See supra* note 3.

*Human Servs.*, No. 19-235, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023) (citing *McClain v. Owens-Corning Fiberglass Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996)); *see also Wilcox v. Sec'y of Health & Human Servs.*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).

In this case, petitioner's neurology expert, Dr. Enrique Aradillas-Lopez, submitted three expert reports. (Exs. 51, 53, 68.) Petitioner requests $14,400.00 for 24 hours of work performed by Dr. Aradillas. Dr. Aradillas billed petitioner at a rate of $600.00 per hour.

In prior cases, Dr. Aradillas's request for an hourly rate of $600.00 has been met with mixed results. *Compare Theis v. Sec'y of Health & Human Servs.*, No. 17-820V, 2022 WL 3153259, at *3 (Fed. Cl. Spec. Mstr. July 20, 2022) (awarding Dr. Aradillas's requested rate of $600.00 per hour); *Blender v. Sec'y of Health & Human Servs.*, No. 16-1308V, 2020 WL 5090439, at *4 (Fed. Cl. Spec. Mstr. Aug. 5, 2020) (finding Dr. Aradillas's requested rate of $600.00 per hour to be reasonable), *with Todd v. Sec'y of Health & Human Servs.*, No. 15-860V, 2020 WL 5820959, at *4-5 (Fed. Cl. Spec. Mstr. Aug. 31, 2020) (finding that petitioner failed to sufficiently justify Dr. Aradillas's requested rate of $600.00 per hour and awarding him $450.00 per hour); *Dixon-Jones v. Sec'y of Health & Human Servs.*, No. 14-934V, 2020 WL 6058571, at *4 (Fed. Cl. Spec. Mstr. Sept. 8, 2020) (denying Dr. Aradillas's requested rate of $600.00 and finding $500.00 per hour to be a more appropriate rate). In *Theis* and *Blender*, the respective special masters credited the detailed memorandum submitted in support of Dr. Aradillas's requested rate as a reason for finding $600.00 per hour to be reasonable. 2022 WL 3153259, at *3; 2020 WL 5090439, at *4. In contrast, in *Dixon-Jones*, the special master denied Dr. Aradillas's requested rate of $600.00 per hour despite the detailed memorandum submitted in support. 2020 WL 6058571, at *4. However, the special master emphasized that the quality of Dr. Aradillas's work product was the reason for reducing his hourly rate. *Id.*

Here, petitioner submitted a detailed memorandum addressing the factors laid out in *Sabella* to support Dr. Aradillas's requested rate of $600.00 per hour. (Ex. 72.) While this case resulted in settlement, the undersigned does not share the concern regarding the quality of Dr. Aradillas's work product that was expressed in *Dixon-Jones*. Therefore, given the quality of Dr. Aradillas's work product and the reasons set forth in the supporting memorandum, the undersigned finds that Dr. Aradillas's requested rate of $600.00 per hour is reasonable and appropriate for the work he completed on this case. Additionally, the undersigned finds the total number of hours billed by Dr. Aradillas to be reasonable given the tasks he performed. Accordingly, petitioner is awarded Dr. Aradillas's expert fees in full.

### B. Other Costs

I have reviewed the remainder of the costs requested and find that they are reasonable and sufficiently documented. (Ex. 71, pp. 18-43.) Therefore, I award reimbursement of those costs in full, which total $503.65.

5

### III.     Conclusion

**Accordingly, petitioner is awarded attorneys' fees and costs in the total of $111,021.66 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

<u>s/Daniel Horner</u>
Daniel Horner
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.